IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | NO. 6:22-CR-3 |
| SUSAN L. HERTZBERG (01) | § | |

**PROTECTIVE ORDER GOVERNING THE DISCLOSURE
OF PROTECTED HEALTH INFORMATION AND
PERSONALLY IDENTIFIABLE INFORMATION**

THIS CAUSE having come before the Court on the United States' Motion for Entry of a Protective Order, in order to comply with the Standing Discovery Order, and the Court being duly advised in the premises, it is hereby ORDERED and ADJUDGED as follows:

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect health information and personally identifiable information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under the Standing Discovery Order and Rule 16 of the Federal Rules of Criminal Procedure, and with the consent of the parties, ORDERED:

(1) **Production of Health Information by the United States that may be Subject to the Privacy Act, 5 U.S.C. § 552a, to 45 C.F.R. §§ 164.102 – 164.534, to 42 U.S.C. § 1306, or Other Privacy Protections.** The United States may produce certain protected health information, that is individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security

number or other identifying number, including health insurance claim (HIC number)) to defendant, pursuant to the United States' discovery obligations. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, the provisions of 45 C.F.R. §§ 164.102 – 164.534, or the provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the records to any entity outside the United States.

(2) **Production of Personally Identifiable Information.** The United States may produce certain documents containing personally identifiable information to defendant, pursuant to the United States' discovery obligations.

(3) **Court's Order Governing Production.** The United States shall produce documents containing protected health information and personally identifiable information to defendant, pursuant to the United States' discovery obligations. The United States shall produce these documents unredacted to the defendant. Upon producing these documents to the defendant, the United States shall designate them as "confidential" in the manner set forth below. The defendant, including defendant's counsel and their personnel, may use these documents only for the purposes of the litigation and may disclose them to non-parties to this litigation only as needed for the litigation, only if the nonparty agrees to the terms of this Order. For the purposes of this Order, the "litigation" shall include *United States of America ex rel. STF LLC v. True Health Diagnostics, LLC, et al.*, No. 4:16-CV-547 (EDTX) (ALM). The defendant shall not file these documents with, or submit them to, the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all protected health

information and personally identifiable information in the document or filing has been removed.  Following the final conclusion of this litigation, including any post-conviction proceedings, the defendant shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other materials and documents containing information from the designated confidential documents, to counsel for the United States, or, in the alternative, shall retain the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other materials and documents containing information from the designated confidential documents, in a manner consistent with the terms of this Order.

(4) **Designation of Material Subject to this Protective Order.**  To designate "confidential" material covered by this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, or on a diskette cover, by using the following designation: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

(5) **Confidential Information in Open Court.**  The procedures for use of the designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.  The parties shall consider redacting confidential documents to remove individual identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the individual's name or other identifying information, request that any exhibit be placed under seal, or introduce summary evidence where practicable which may be more easily redacted.  No party shall disclose designated

confidential documents in open Court without prior consideration by the Court, unless all protected health information and personally identifiable information has been removed.

(6)     **Modification Permitted.**  Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

(7)     **No Waiver.**  The failure to designate any materials as provided in paragraph four shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

**So ORDERED and SIGNED this 5th day of May, 2022.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE